## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FORT HOWARD SENIOR HOUSING ASSOCIATES, LLC., </br></br>    Plaintiff, </br></br>    v. </br></br> THE UNITED STATES, </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> )   No. 10-553 C </br> )   Judge Nancy B. Firestone </br> ) </br> ) </br> ) |

### THIRD JOINT STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Fort Howard Senior Housing Associates, LLC ("Fort Howard"), and defendant, the United States, respectfully submit the following Third Joint Status Report.

The parties have completed written and oral discovery. On May 25, 2012, the Court ordered the case to proceed on a bifurcated basis, with the first stage of the proceedings to resolve liability, and the second stage to resolve damages, if necessary.

Just before the discovery period ended, Fort Howard requested of the United States various documents which it had withheld because of privilege. The United States objected to Fort Howard's untimely request. Without waiving this objection, the United States requested Fort Howard to clarify which documents it was requesting to be produced. Fort Howard states that it will respond to the Government's request, upon the belief that it preserved its discovery right to request same. The Government maintains its right to object to Fort Howard's belated request. Defendant proposes that the Court issue an order to resolve this issue based upon the following schedule: (1) Fort Howard confirms to the United States the documents it is seeking and the basis for why privilege should be waived for each such document by February 19, 2014;

(2) the United States will again review these documents for privilege and advise Fort Howard of any additional documents that the United States is willing to produce by February 28, 2014; and (3) Fort Howard may challenge the assertion of privilege for its previously identified documents by March 7, 2014.

As to additional unfinished business, the Government states that, just prior to the close of discovery, it discovered in its files located at the Veterans Affairs ("VA") Hospital located in Baltimore, Maryland, approximately two boxes of documents which, while technically responsive to Fort Howard's overly broad discovery requests, are marginally relevant to this case. These files consist of pamphlets distributed and studies conducted at the request of the Government prior to the execution of the lease agreement in 2004. The Government is currently in the process of scanning the documents in order to conduct its privilege review and, after the Government's privilege review has been completed, the Government will produce them to Fort Howard. The Government notes that, more than likely, it has already produced the bulk of these documents to Fort Howard, but, given their previously unknown location in an office at the VA Hospital in Baltimore, it had not actually produced these particular documents to Fort Howard. The Government anticipates that it will be able to produce these additional documents to the plaintiff by February 28, 2014.

The United States anticipates that it will file a motion for summary judgment in connection with this case by May 2, 2014. Fort Howard requests that it be allowed to first review any motion for summary judgment by the United States, before deciding whether to file a cross motion for summary judgment, and that it be granted until May 23, 2014, to do so.

Fort Howard desires to resume attempted settlement discussions with the United States, begun in early December, 2013. Fort Howard desires intervention of a private mediator,

preferably a retired judge, for which it would bear one-half of the expense.  The Government is not opposed to resolve this case through settlement.  However, it requests that any settlement discussions not be scheduled until the parties have submitted all of their summary judgment briefs.

    The parties request that trial not be set at this time, in order that settlement discussions can ensue and/or motion(s) for summary judgment can be filed and heard.

    Respectfully Submitted,

/s/ Steven H. Jesser

Steven H. Jesser
*Counsel of Record*

Steven H. Jesser, Attorney at Law, P.C.
2700 Patriot Boulevard, Suite 250
Glenview, IL 60026-8021
(800) 424-0060
(800) 330-9710 (fax)
shj@sjesser.com

*Attorney for Fort Howard Senior Housing Associates, L.L.C.*

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

 /s/ Franklin E. White, Jr.
by Donald E. Kinner
FRANKLIN E. WHITE, JR.
Assistant Director

|  |  |
|---|---|
|  | <u>/s/ Sheryl L. Floyd</u><br>SHERYL L. FLOYD<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>PO Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 616-8278<br>Fax: (202) 514-8624 |
| FEBRUARY 7, 2014 | Attorneys for Defendant |